IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MICHAEL S. BEGAN, )
)
Plaintiff, ) TC-MD 150350D
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **FINAL DECISION**

This Final Decision incorporates without change the court's Decision, entered

January 25, 2016. The court did not receive a statement of costs and disbursements within 14

days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiff appeals Defendant's Notice of Deficiency Assessment dated January 27, 2015,

for the 2011 tax year. A trial was held in the Oregon Tax Courtroom on November 30, 2015, in

Salem, Oregon. Ronald Began (Began), Plaintiff's father, appeared and testified on behalf of

Plaintiff. Eden Espinosa (Espinosa) and Michelle Warren appeared on behalf of Defendant.

Espinosa testified on behalf of Defendant. Defendant's Exhibits E and F were received without

objection.

The court addressed several preliminary matters just prior to the commencement of trial.

First, the court addressed Defendant's Motion to Exclude Exhibit, filed November 25, 2015. In

that motion, Defendant requested that Plaintiff's exhibits be excluded because Plaintiff failed to

provide copies to Defendant within the timeframe provided for by Tax Court Rule-Magistrate

Division (TCR-MD) 11.[1] Noting that the court, too, had not received any exhibits from Plaintiff

/ / /

---

[1] The court's references to its rules (TCR-MD) are to the rules in effect through 2015.

prior to trial, the court granted Defendant's Motion to Exclude Exhibit. As a result, no exhibits were received from Plaintiff.

Second, Began referenced Defendant's Motion to Remove Representative, filed November 27, 2015. In that motion, Defendant requested that Plaintiff's primary representative, Jo Schermerhorn, be removed as a representative because she "is not licensed to practice in * * * Oregon and does not meet the requirements of ORS 305.230." (Mot Remove Representative at 1.) Ms. Schermerhorn did not appear at trial, and the court declined to rule on the motion at that time. TCR-MD 1 E, in accordance with ORS 305.230, describes who may represent a party before the Magistrate Division.[2] Relevant here, a "person with power of attorney" or a "licensed tax practitioner" may appear as a taxpayer's representative. TCR-MD 1 E(1)(b)(vii), (d). Schermerhorn filed an Authorization to Represent form indicating that she is an "Oregon public accountant" and a "person with power of attorney" from Plaintiff. That form was signed by both Schermerhorn and Plaintiff. The court finds that Schermerhorn[3] is a "person with power of attorney" from Plaintiff. Thus, regardless of whether Schemerhorn is "licensed to practice" in Oregon, she may represent Plaintiff in this appeal. Accordingly, Defendant's Motion to Remove Representative is denied.

Finally, Began moved to continue the trial because Plaintiff's primary representative, Schemerhorn, was unavailable due to illness. The court and Began also discussed the fact that Plaintiff was out of state for work and unavailable to testify. TCR-MD 8 B(3) provides that requests to reschedule trial "will not be granted except in exceptional circumstances." Began was unable to provide details on when Plaintiff became aware of his conflicting work schedule

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

[3] The spelling of Schermerhorn was changed to correct a clerical error in the court's Decision.

or why he did not make arrangements to testify by telephone. Additionally, Began did not provide information about the nature of Ms. Schermerhorn's illness. The court concluded that Plaintiff failed to demonstrate "exceptional circumstances" to continue the trial as required by TCR-MD 8(B)(3). Therefore, Plaintiff's motion for a continuance was denied.

## I. STATEMENT OF FACTS

Plaintiff appealed Defendant's denial of deductions claimed on his Oregon income tax return, as detailed on Schedule A of his filed federal tax returns for the 2011 tax year. Plaintiff, a truck driver, claimed deductions for travel expenses related to his occupation using a modified federal per-diem rate. (Def's Ex E at 1.) Began testified that Plaintiff traveled out of state extensively for his employer in 2011 and incurred substantial expenses related to his work. He testified that Plaintiff's log books and travel receipts for tax year 2011 were destroyed in a fire in March 2012, but Plaintiff provided a handwritten calendar and bank statements to Defendant as evidence of his expenses. (Def's Exs E, F.) Began also testified that he was unaware of whether Plaintiff's employer had a reimbursement policy for travel expenses, but believed that Plaintiff was not reimbursed for travel expenses.

Espinosa testified that he reviewed Plaintiff's 2011 W-2 wage statements and compared them against Plaintiff's net direct deposits from his employer. (*See* Def's Exs F at 1; F at 38). Espinosa testified that the comparison shows Plaintiff's net income was $24,268, while direct deposits to his bank account from his employer totaled $34,388. (*See* Def's Ex F at 1.) Espinosa surmised that the additional deposits may have been the result of employer reimbursements for expenses, but was unable to confirm his suspicions because the employer did not respond to requests for information.

/ / /

Began gave rebuttal testimony to explain the disparity between the income reported on Plaintiff's W-2s and the amount of direct deposits. Began asserted that Plaintiff's employer had underreported Plaintiff's actual income on his W-2s and "split out" the difference by paying "some money as per diem." Began stated that that conclusion was based on his review of Plaintiff's W-2s.

## II. ANALYSIS

"The Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law." *Ellison v. Dept. of Rev.*, TC-MD 041142D, WL 2414746 at *6 (Sept 23, 2005) (citing ORS 316.007).

IRC section 162 generally allows a deduction for ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. Potentially deductible expenses include traveling expenses such as meals and lodging while away from home in the pursuit of a trade or business. IRC § 162(a)(2). The evidence shows that Plaintiff is a truck driver who traveled extensively during 2011 in carrying out business for his employer. Thus, expenses related to that travel are potentially deductible expenses.

Plaintiff is the party seeking affirmative relief; therefore, he must prove his case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue,* 4 OTR 302, 312 (1971).

*1. Substantiation*

A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. IRC § 6001; Treas Reg § 1.6001−1(a). A taxpayer must substantiate the amount, time, place, and business purpose of the expenses by adequate records or by sufficient

evidence corroborating his own statement. IRC § 274(d); Tres Reg § 1.274–5T(b)(2), (c) (2010); *Duncan v. Comm'r*, 80 TCM (CCH) 283 (2000), 2000 WL 1204820 at * 2 (US Tax Ct).

Began presented general hearsay statements about the facts at issue. He testified that Plaintiff incurred travel expenses in 2011 which were not reimbursed by his employer. Plaintiff provided Defendant with a handwritten calendar of travel dates and copies of his bank statements to substantial travel expenses, and those Exhibits were received into evidence. (Def's Exs E, F.) Defendant does not dispute that Plaintiff traveled extensively for business reasons in 2011, and acknowledges that the records have information that some amount of business expenses may have been incurred. However, the records do not sufficiently substantiate the expenses claimed. A brief sampling of the evidence is helpful to understand this point. Plaintiff's calendar and bank statement for the first seven days in January 2011 show as follows:

| Date | Location per calendar | Location of expenses per bank record |
|------|-----------------------|--------------------------------------|
| Jan. 1 | Denver, CO. | None |
| Jan. 2 | Denver, CO. | None |
| Jan. 3 | Albert Lea, MN | Seattle WA; Las Vegas NV; Clackamas OR; Commerce, CO |
| Jan. 4 | Columbus, WI | Commerce City, CO |
| Jan. 5 | La Crosse, WI | West Salem, WI |
| Jan. 6 | Lake Norden, SD | None |
| Jan. 7 | Casper, WY | De Pere, WI; Albert Lea, MN |

(Def's Exs E at 1, F at 2.)

There appears to be some correlation between the location calendar and the bank expenses, especially given the likelihood of a delay for charges being posted to Plaintiff's bank account; however, there was no evidence on the nature of the charges. For example, a charge on Plaintiff's bank account on January 5, 2011, shows "POS Mac Lloyds Speedst West Salem WI $26.36." (Def's Ex F at 2.) When that expense was actually incurred, what the expense was for, and its business purpose are speculative given the evidence presented at trial. Without

supporting evidence the court cannot determine the nature of the expenses or their business purposes. The uncorroborated calendar and bank account information are insufficient substantiation of Plaintiff's business related expenses.

### 2. *Exceptional Circumstances*

The substantiation requirements of section 274(d) can be relaxed in exceptional circumstances when records are lost "through circumstances beyond the taxpayer's control" such as a fire. Tres Reg § 1.274-5T(c)(5). In such cases the taxpayer can support the deduction by "reasonable reconstruction." *Id.*

Plaintiff asserts that his business expense records for tax year 2011 were destroyed in a fire in early 2012. Thus, Plaintiff seeks to use a handwritten calendar and his bank statements to reconstruct evidence in support of his expenses. However, as described above, even if the court applies a very liberal interpretation of the reconstructed documentation, the evidence presented at trial was insufficient to show the nature of the expenses or their business purposes.

### 3. *Alternatives to substantiation—Use of a per-diem rate.*

Under rules promulgated by the Internal Revenue Service, "an employee's expenses for lodging, meals, and incidental expenses while traveling away from home will be deemed substantiated when a 'payor (the employer, its agent, or a third party) provides a per diem allowance under a reimbursement or other expense allowance arrangement to pay for such expenses.' " *Beech Trucking Co., Inc. v. C.I.R.*, 118 TC 428, 434 (2002) (quoting Rev Proc 96-28, 1996-14 IRB 31). The use of the per-diem method to substantiate the amount of lodging, meal, and incidental costs, is available only where employers pay a per-diem allowance in lieu of reimbursing the actual expenses an employee incurs while traveling away from home. *Duncan*, 2000 WL 1204820 at *3. If a taxpayer is reimbursed for travel expenses and they are reimbursed

under an "accountable plan" (*i.e.*, expenses have a business connection, are substantiated, and amounts received in excess of substantiated expenses are returned to the employer), the employer does not report the reimbursement as income to the taxpayer and the taxpayer is not entitled to a deduction. Treas Reg § 1.62-2(c)(4). If a taxpayer is reimbursed for travel expenses and they are reimbursed under a "nonaccountable plan," the employer reports reimbursements as income to the taxpayer and the taxpayer may deduct the business expenses, subject to the 2 percent of adjusted gross income floor. Treas Reg § 1.62-2(c)(5). In addition, an employee may use the per-diem method to substantiate unreimbursed travel expenses for meals and incidental expenses, but not for lodging. Rev Proc 2011-47, 2011-42 IRB 520.[4]

On Plaintiff's tax return he claimed $20,982 in travel expenses using a modified per-diem method ($18,876 for lodging and $2,106 for meals and incidental expenses). (Def's Ex E at 1.) Whether Plaintiff could use the per-diem method to substantiate those deductions (or deduct those expenses at all) hinges on whether Plaintiff was reimbursed for those expenses and, if so, under what type of reimbursement plan.

The question of whether Plaintiff's employer had a reimbursement plan was not definitively answered at trial. Began presented unsupported hearsay testimony that Plaintiff's employer did not have a reimbursement plan and did not in fact reimburse Plaintiff for travel related expenses. Plaintiff submitted no documents as evidence in support of his contention. Defendant argues that Plaintiff's employer did have a reimbursement plan because Plaintiff received over $10,000 in direct deposits from his employer which were not contained in his Form W-2s. Defendant's theory is at least as plausible as Plaintiff's assertion. Plaintiff has not demonstrated that he meets the qualifications to use the per-diem rate because his employer may

---

[4] Revenue Procedures 2010-39 and 2011-47 were in effect during the 2011 tax year.

or may not have had a reimbursement plan, and because the per-diem method cannot be used by employees to substantiate the unreimbursed lodging expenses that Plaintiff claims. *See* Boris Bittker & Lawrence Lokken, 1 *Federal Taxation of Income, Estates & Gifts* 21-62 (3d ed 1999).

In weighing the evidence as a whole, Plaintiff has failed to show by a preponderance of the evidence that Defendant's assessment was incorrect.

## III. CONCLUSION

After carefully considering the testimony and evidence, the court concludes that Plaintiff failed to prove by a preponderance of the evidence that he is entitled to deduct the travel expenses claimed on his 2011 Oregon tax return. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of February 2016.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on February 12, 2016.*